FILED

unsealed 4/23/10 MH

~~SECRET~~

2010 APR 15  PM 2:55

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

June 2008 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. '10 CR 1417 W |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Sec. 371 – Conspiracy; Title 18, U.S.C., |
| THE FRENCH GOURMET, INC. (1), MICHEL MALÉCOT (2), RICHARD KAUFFMANN (3), | Sec. 1546(b)(3) and 2 - False Attestation; Title 8, U.S.C., Sec. 1324(a)(1)(A)(iii) - Harboring |
| Defendants. | Illegal Aliens; Title 8, U.S.C., Sec. 1324a(a)(1)(A) and (f)(1) - Pattern and Practice of Hiring Illegal Aliens; Title 8, U.S.C., Sec. 1324a(a)(2) and (f)(1) – Pattern and Practice of Continuing to Employ Illegal Workers; Title 8, U.S.C., Sec. 1324(b) and Title 18, U.S.C., Secs. 982(a)(6) and 982(b)- Criminal Forfeiture |

The grand jury charges:

### INTRODUCTORY ALLEGATIONS

At all times material hereto:

1.     Defendant THE FRENCH GOURMET, INC. a corporation based in San Diego, California, operated a bakery and catering business throughout San Diego County.

2.     Defendant MICHEL MALÉCOT, a naturalized United States citizen, was the owner and president of The French Gourmet, Inc.

3.     Defendant RICHARD KAUFFMANN, a naturalized United States citizen, was a manager at The French Gourmet, Inc.

RSK:nmc(1):San Diego
04/15/10

4.   A Form I-9, Employment Eligibility Verification Form (an "I-9 form"), is an immigration document that employers are required, by law, to complete for each employee in order to document that a new employee is authorized to work in the United States.

a.   Section 1 of the form is to be completed and signed by the employee at the time the employee is hired.  Section 1 requires personal identifying information for the employee and an attestation, under penalty of perjury, by the employee that he/she is a citizen or national of the United States, a lawful permanent resident, or an alien authorized to work.  If Section 1 is prepared by a person other than the employee or is translated to the employee, the form requires the signature and attestation, under penalty of perjury, of the person who assisted in the completion of the form.

b.   Section 2 of the I-9 form, "Employer Review and Verification," requires the employer to examine evidence of identity and employment eligibility within three days of employment, and to list the documents provided by the employee for employment verification.  Section 2 contains a certification section for the employer to attest, under penalty of perjury, that the employer has examined the documents presented, that the documents appear to be genuine, and that to the best of the employer's knowledge, the employee is eligible to work in the United States.

5.   A "No-Match" letter is a letter sent to employers from the Social Security Administration containing a list of social security numbers of employees who the employer reported on its taxes, but for whom the social security number did not match the employee's name.

//

//

2

<u>Count 1</u>
(Conspiracy; 18 U.S.C. § 371)

6.    The allegations set forth in paragraphs 1 through 5 above are realleged as if fully set forth herein.

<u>OBJECTS OF THE CONSPIRACY</u>

7.    Beginning on a date unknown to the grand jury and continuing up to and including on or about December 31, 2008, within San Diego County, within the Southern District of California, and elsewhere, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury, to commit the following offenses against the United States:

(A)    To knowingly make or use a false attestation on an employment eligibility Form I-9, for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act, in violation of Title 18, United States Code, Sections 1546(b)(3).

(B)    To knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States aliens, knowing the aliens to be unauthorized with respect to such employment, in violation of Title 8, United States Code, Sections 1324a(a)(1)(A) and 1324a(f)(1).

(C)    To knowingly and intentionally engage in a pattern and practice of continuing to employ aliens in the United States, knowing the aliens to be unauthorized with respect to such employment, in violation of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1).

MANNER AND MEANS BY WHICH THE OBJECTS

OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

6.   It was part of the conspiracy that MICHEL MALÉCOT, RICHARD KAUFFMANN, and other individuals known and unknown, hired aliens who had not received prior official authorization to come to, enter, work and/or reside in the United States to work at THE FRENCH GOURMET, INC.

7.   It was further part of the conspiracy that managers at THE FRENCH GOURMET, INC., including RICHARD KAUFFMANN, would certify (or have someone else within THE FRENCH GOURMET certify) on the I-9 that the employer has examined the documents presented, that the documents appear to be genuine, and that to the best of the employer's knowledge, the employee is eligible to work in the United States.

8.   It was further part of the conspiracy that the employee's information would then be entered into the payroll system and the employee would receive a paycheck for their work.

9.   It was further part of the conspiracy that, after THE FRENCH GOURMET, INC. and MICHEL MALÉCOT received "no match" letters from the Social Security Administration advising them that the social security numbers provided by certain employees did not match the names, managers at THE FRENCH GOURMET, INC., including RICHARD KAUFFMANN, would then "hire" the same undocumented alien again with new employment documents, including social security cards.

10.   It was further part of the conspiracy that managers at THE FRENCH GOURMET, INC., including RICHARD KAUFFMANN, would falsely certify (or have someone else within THE FRENCH GOURMET falsely certify) on the I-9 that the employer examined the documents presented, that the documents appeared to be genuine, and that the employee is eligible to work in the United States.

4

11.   It was further part of the conspiracy that MICHEL MALÉCOT, on behalf of THE FRENCH GOURMET, INC., would pay the undocumented employees with cash instead of by paycheck after receiving the no-match letter and while the new paperwork was pending.

OVERT ACTS

In furtherance of said conspiracy and to effect and accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California:

12.   On or about October 16, 2004, RICHARD KAUFFMANN hired Antonio Cruz-Cortes, a.k.a. Antonio Cruz-Cortez, a.k.a. Mariano Cruz, to work at THE FRENCH GOURMET, INC., and executed an I-9 attestation in connection with the hiring, falsely certifying Cruz's eligibility for employment using social security number xxx-xx-1240.

13.   On or about March 31, 2005, THE FRENCH GOURMET, INC. received a "No-Match" Letter from the Social Security Administration indicating that social security number xxx-xx-1240 used on the I-9 certified by THE FRENCH GOURMET, INC. in connection with the hiring of Cruz was not valid.

14.   Following THE FRENCH GOURMET, INC.'S receipt of the March 31, 2005 "no-match" letter, KAUFFMANN told Cruz to get a new social security number.

15.   Between approximately April 2005 and December 2005, MICHEL MALÉCOT, on behalf of THE FRENCH GOURMET, INC. paid Cruz in cash.

16.   On or about February 1, 2006, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed another I-9 attestation falsely certifying Cruz's eligibility for employment using the alias "Mariano Cruz" and a different social security number, xxx-xx-7867.

17.   Following the execution of the I-9 on or about February 1, 2006, THE FRENCH GOURMET, INC. paid Cruz by paycheck for the remainder of 2006.

18.   On or about November 27, 2004, KAUFFMANN hired Vicente Ortega, a.k.a. Vicente Ortega-Corona, to work at THE FRENCH GOURMET, INC.

19.   On or about March 1, 2005, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying V. Ortega's eligibility for employment using social security number xxx-xx-3508.

20.   On or about April 14, 2006, THE FRENCH GOURMET, INC. received a "No-Match" Letter from the Social Security Administration informing THE FRENCH GOURMET, INC. that social security numbers xxx-xx-3508 used on the I-9 certified by THE FRENCH GOURMET, INC. in connection with the hiring of V. Ortega was not valid.

21.   On or about May 17, 2006, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying V. Ortega's eligibility for employment using social security number xxx-xx-1621..

22.   On or about October 1, 2005, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying Javier Ortega's, a.k.a. Javier Ortega-Corona's, eligibility for employment using social security number xxx-xx-8123.

//

//

//

//

23.   On or about April 14, 2006, THE FRENCH GOURMET, INC. received a "No-Match" Letter from the Social Security Administration informing THE FRENCH GOURMET, INC. that social security numbers xxx-xx-8123 used on the I-9 certified by THE FRENCH GOURMET, INC. in connection with the hiring of J. Ortega was not valid.

24.   On or about June 1, 2006, KAUFFMANN signed an I-9 attestation falsely certifying J. Ortega's eligibility for employment using a social security number xxx-xx-1801.

25.   On or about May 1, 2003, THE FRENCH GOURMET, INC. hired Faustino Ortega, a.k.a. Hugo Sanchez, a.k.a. Hugo Sanchez Lopez, a.k.a. Faustino Asprilla.

26.   On or about May 1 ,2003, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. signed an I-9 attestation falsely certifying F. Ortega's eligibility for employment under the alias Hugo Sanchez Lopez and social security number xxx-xx-4231.

27.   On or about March 16, 2004, another employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed another I-9 attestation falsely certifying F. Ortega's eligibility for employment under the alias Faustino Asprilla and social security number xxx-xx-6400.

28.   On or about September 7, 2004, MICHEL MALÉCOT wrote a letter on behalf of Faustino Ortega stating that F. Ortega had worked at THE FRENCH GOURMET, INC. under the names "Faustino Asprillo" and "Hugo Sanchez."

//
//
//
//

1    29.   On or about March 31, 2005, and again on April 14, 2006, THE
2    FRENCH GOURMET, INC. received a "No-Match" Letter from the Social
3    Security Administration informing THE FRENCH GOURMET, INC. that social
4    security number xxx-xx-6400 used on the I-9 certified by THE FRENCH
5    GOURMET, INC. in connection with the hiring of Ortega was not valid.
6        30.   On April 16, 2006, an employee acting on behalf of and for
7    the benefit of THE FRENCH GOURMET, INC. executed another I-9
8    attestation falsely certifying Ortega's eligibility for employment
9    using social security number xxx-xx-9685.
10       31.   On or about March 1, 2005, KAUFFMANN hired Graciela Grajeda
11   to work at THE FRENCH GOURMET, INC.
12       32.   On or about March 1, 2005, an employee acting on behalf of
13   and for the benefit of THE FRENCH GOURMET, INC., executed an I-9
14   attestation falsely certifying Grajeda's eligibility for employment
15   using social security number xxx-xx-3928.
16       33.   On or about April 14, 2006, THE FRENCH GOURMET, INC.
17   received a "No-Match" Letter from the Social Security Administration
18   indicating that social security number xxx-xx-3928 used on the I-9
19   certified by THE FRENCH GOURMET, INC. in connection with the hiring
20   of Grajeda was not valid.
21       34.   On or about March 8, 2008, KAUFFMANN executed an I-9
22   attestation, falsely certifying Grajeda's eligibility for employment
23   under social security number xxx-xx-4571.
24       35.   On or about April 14, 2003, KAUFFMANN hired Maria Del Ruiz,
25   a.k.a. Maria de la Luz Ruiz, to work at THE FRENCH GOURMET, INC. and
26   executed an I-9 attestation falsely certifying that Del Ruiz was
27   eligible for employment using social security number xxx-xx-5428.
28   //

36. On or about March 16, 2005, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC., executed an I-9 attestation, falsely certifying Ruiz's eligibility for employment using social security number xxx-xx-2312.

37. On or about March 31, 2005, THE FRENCH GOURMET, INC. received a "No-Match" Letter from the Social Security Administration indicating that social security number xxx-xx-5428 used on the I-9 certified by KAUFFMANN in connection with the hiring of Ruiz was not valid.

38. On or about April 14, 2006, THE FRENCH GOURMET, INC. received a "No-Match" Letter from the Social Security Administration indicating that social security number xxx-xx-2312 used on the I-9 certified by an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, NC., in connection with the hiring of Ruiz was not valid.

39. On or about June 1, 2006, KAUFFMANN executed an I-9 attestation falsely certifying Ruiz's eligibility to work at THE FRENCH GOURMET using social security number xxx-xx-2517.

40. On or about June 10, 2004, KAUFFMANN hired Raul Mercado, a.k.a. Samuel Perez Diaz, a.k.a. Raul Beiza Mercado, to work at THE FRENCH GOURMET, INC. and executed an I-9 attestation falsely certifying Mercado's eligibility for employment using social security number xxx-xx-5432.

41. On or about March 31, 2005, THE FRENCH GOURMET, INC., received a "No-Match" Letter from the Social Security Administration indicating that social security number xxx-xx-5432 used on the I-9 certified by THE FRENCH GOURMET, INC. in connection with the hiring of Mercado was not valid.

42. On or about, April 14, 2006, THE FRENCH GOURMET, INC. received a second "No-Match" Letter from the Social Security Administration indicating that social security number xxx-xx-5432 used on the I-9 certified by THE FRENCH GOURMET, INC., in connection with the hiring of Mercado was not valid.

43. On or about May 1, 2006, an employee acting on behalf of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying that Mercado was eligible for employment under the alias "Samuel Perez Dias" and social security number xxx-xx-4593.

44. On a date unknown, KAUFFMANN told Mercado to get a new identity because the "Samuel Perez" alias was not good for employment because he was not authorized to work.

45. On or about March 16, 2008, KAUFFMANN signed an I-9 attestation falsely certifying Mercado's eligibility for employment under social security number xxx-xx-8954.

46. In approximately 1998, KAUFFMANN hired Norbeto Gonzalez, a.k.a. Nolberto Lupercio-Gonzalez, a.k.a. Norberto Gomez Lopez, to work at THE FRENCH GOURMET, INC.

47. On or about March 1, 2005, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying Gonzalez's eligibility for employment under the alias "Nolberto Lupercio-Gonzalez" and social security number xxx-xx-5832.

48. On or about April 14, 2006, THE FRENCH GOURMET, INC. received a "No-Match" Letter from the Social Security Administration indicating that social security number xxx-xx-5832 used on the I-9 certified by THE FRENCH GOURMET, INC. in connection with the hiring of Gonzalez was not valid.

49.   On a date unknown, KAUFFMANN showed Gonzalez a letter from the Social Security Administration indicating that Gonzalez's social security number was not valid and advised Gonzalez to get a new social security number.

50.   On or about June 1, 2006, an employee acting on behalf of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying Gonzalez's eligibility for employment under the alias "Norberto Gomez Lopez" and social security number xxx-xx-7162.

51.   In approximately 2007, KAUFFMANN offered to "fix up" Gonzalez with a lawful immigration petition sponsored by THE FRENCH GOURMET, INC., but rescinded the offer when he learned that Gonzalez had a prior deportation which made him ineligible.

52.   On or about April 24, 1997, an employee acting on behalf of and for the benefit of THE FRENCH GOURMET, INC. executed an I-9 attestation falsely certifying Jose Gonzalez-Guzman's, a.k.a. Jose G. Gonzalez's, eligibility for employment using social security number xxx-xx-0600.

53.   On May 16, 2008, THE FRENCH GOURMET, INC. received by legal service a letter from the Department of Homeland Security indicating that Jose Gonzalez-Guzman, who had been arrested on May 15, 2008, was unlawfully present in the United States and not to hire him.

54.   Sometime after May 28, 2008, THE FRENCH GOURMET, INC. rehired Gonzalez.

All in violation of Title 18, United States Code, Section 371.

//

//

//

//

Count 2

(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

55.   The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

56.   On or about February 1, 2006, in the Southern District of California, defendants  THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-7867 was the social security number assigned to Antonio Cruz-Cortez, a.k.a. Mariano Cruz, on an employment eligibility Form I-9, for the purpose of satisfying a requirement of Section 274A(b) of the Immigration and Nationality Act.

All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

Count 3

(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

57.   The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

58.   On or about June 1, 2006, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-1801 was the social security number assigned to Javier Ortega on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act.

All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

//

//

//

Count 4
(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

59.   The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

60.   On or about May 17, 2006, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-1621 was the social security number assigned to Vicente Ortega on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act, in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

Count 5
(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

61.   The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

62.   On or about April 16, 2006, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-9685 was the social security number assigned to Faustino Ortega, a.k.a. Hugo Sanchez, a.k.a. Faustino Asprilla, on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act. All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

//
//
//
//

Count 6

(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

63.    The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

64.    On or about March 8, 2008, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-4571 was the social security number assigned to Graciela Grajeda, on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act.

All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

Count 7

(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

65.    The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

66.    On or about June 1, 2006, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-2517 was the social security number assigned to Maria Del Ruiz, a.k.a. Maria de la Luz Ruiz, on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act.

All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

//

//

//

Count 8
(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

67.   The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

68.   On or about March 16, 2008, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-8954 was the social security number assigned to Raul Mercado-Beiza, a.k.a. Raul Beiza Mercado, a.k.a. Raul Mercado, a.k.a. Samuel Perez Dias, on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act.

All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

Count 9
(False Attestation; 18 U.S.C. §§ 1546(b)(3) & 2)

69.   The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

70.   On or about June 1, 2006, in the Southern District of California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT and RICHARD KAUFFMANN did knowingly use a false attestation, that is, a statement that xxx-xx-7162 was the social security number assigned to Norberto Gonzalez, a.k.a. Nolberto Lupercio-Gonzalez, a.k.a. Norberto Gomez Lopez, on an employment eligibility Form I-9, for the purpose of satisfying a requirement of section 274A(b) of the Immigration and Nationality Act.

All in violation of Title 18, United States Code, Sections 1546(b)(3) and 2.

//

## Count 10
(Harboring Illegal Aliens; 18 U.S.C. §§ 1324(a)(1)(A)(iii))

71. The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

72. On or about September 7, 2004, within the Southern District of California, defendants THE FRENCH GOURMET, INC. and MICHEL MALÉCOT, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Faustino Ortega, a.k.a. Hugo Sanchez, a.k.a. Faustino Asprilla, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection and attempt to conceal, harbor and shield from detection such alien in a building located at 960 Turquoise St., San Diego, California.
All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## Count 11
(Harboring Illegal Aliens; 18 U.S.C. §§ 1324(a)(1)(A)(iii))

73. The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

74. On or about January 12, 2007, within the Southern District of California, defendants THE FRENCH GOURMET, INC. and RICHARD KAUFFMANN, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Patricia Olvera-Perez, a.k.a. Patricia Olvera-Perez, a.k.a. Carina Lagunas, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection and attempt to conceal, harbor and shield from detection such alien in a building located at 960 Turquoise St., San Diego, California.

1  All in violation of Title 8, United States Code,
2  Section 1324(a)(1)(A)(iii).

3                              Count 12
4        (Harboring Illegal Aliens; 18 U.S.C. §§ 1324(a)(1)(A)(iii))

5        75.  The allegations set forth in paragraphs 1 through 54 above
6  are realleged as if fully set forth herein.

7        76.  On or about May 16, 2006, within the Southern District of
8  California, defendants MICHEL MALÉCOT and THE FRENCH GOURMET, INC.,
9  with the intent to violate the immigration laws of the United States,
10 knowing and in reckless disregard of the fact that an alien, namely,
11 Mohamed Miloudi, a.k.a. Emilio Sanchez-Rivera, a.k.a. Enrique Lopez,
12 a.k.a. Fabio Galvez-Zepeda, had come to, entered and remained in the
13 United States in violation of law, did conceal, harbor and shield from
14 detection and attempt to conceal, harbor and shield from detection
15 such alien in a building located at 960 Turquoise St., San Diego,
16 California.
17 All in violation of Title 8, United States Code,
18 Section 1324(a)(1)(A)(iii).

19                             Count 13
        (Harboring Illegal Aliens; 18 U.S.C. §§ 1324(a)(1)(A)(iii))

20       77.  The allegations set forth in paragraphs 1 through 54 above
21 are realleged as if fully set forth herein.

22       78.  On or about June 16, 2007, within the Southern District of
23 California, defendants THE FRENCH GOURMET, INC., MICHEL MALÉCOT, and
24 RICHARD KAUFFMANN, with the intent to violate the immigration laws of
25 the United States, knowing and in reckless disregard of the fact that
26 an alien, namely, Antonio Diaz, had come to, entered and remained in
27 the United States in violation of law, did conceal, harbor and shield
28 from detection and attempt to conceal, harbor and shield from

detection such alien in a building located at 960 Turquoise St., San Diego, California; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

Count 14

(Harboring Illegal Aliens; 18 U.S.C. §§ 1324(a)(1)(A)(iii))

79. The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

80. On or about June 1, 2006, within the Southern District of California, defendants THE FRENCH GOURMET, INC. and RICHARD KAUFFMANN, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Norberto Gonzalez, a.k.a. Norberto Gomez Lopez, a.k.a. Nolberto Lupercio-Gonzalez, had come to, entered and remained in the United States in violation of law, did conceal, harbor and shield from detection and attempt to conceal, harbor and shield from detection such alien in a building located at 960 Turquoise St., San Diego, California.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

Count 15

(Hiring Illegal Aliens; 18 U.S.C. §§ 1324a(a)(1)(A) & 1324a(f)(1))

81. The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

82. Between 2002 and December 31, 2008, within the Southern District of California, defendant THE FRENCH GOURMET, INC., did knowingly and intentionally engage in a pattern and practice of hiring for employment in the United States aliens, knowing the aliens to be unauthorized with respect to such employment.

//

All in violation of Title 8, United States Code, Sections 1324a(a)(1)(A) & 1324a(f)(1).

### Count 16
(Continuing to Employ Illegal Aliens;
18 U.S.C. §§ 1324a(a)(2) & 1324a(f)(1))

81. The allegations set forth in paragraphs 1 through 54 above are realleged as if fully set forth herein.

82. Between 2002 and December 31, 2008, within the Southern District of California, defendant THE FRENCH GOURMET, INC., did knowingly and intentionally engage in a pattern and practice of continuing to employ aliens in the United States, knowing the aliens to be unauthorized with respect to such employment.

All in violation of Title 8, United States Code, Sections 1324a(a)(2) and 1324a(f)(1).

### Criminal Forfeiture

83. The allegations contained in Counts 1 through 16 are re-alleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6).

84. As a result of the commission of the felony offenses alleged in this indictment, said violations being punishable by imprisonment for more than one year and pursuant to Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6), defendants MICHEL MALÉCOT, RICHARD KAUFFMANN, and THE FRENCH GOURMET, INC. shall, upon conviction, forfeit to the United States all his rights, title and interest in the following: a) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the Defendant is charged; b) any property real

1   or personal,  that constitutes, or is derived from or is traceable to

2   the proceeds obtained directly or indirectly from the commission of

3   the offense of which the Defendant is charged; c) any property real

4   or personal, that is used to facilitate, and is intended to be used

5   to facilitate, the commission of the offenses of which the Defendants

6   are charged, including but not limited to:

7           (a)  A sum of money equal to proceeds obtained directly or

8                indirectly from the commission of the offense(s);

9           (b)  All that certain real property situated in the County

10               of  San  Diego,  State  of  California,  described  as

11               follows: 954-958 Turquoise St, San Diego, CA 92122

12               APN 415-172-17-00, Lots 87 and 88 in Block 6 of First

13               Addition of Pacific Beach Vista Tract, in the City of

14               San Diego, County of San Diego, State of California,

15               according to Map thereof No. 930, filed in the Office

16               of  the  County  Recorder  of  San  Diego  County,

17               November 7, 1904;

18          (c)  All that certain real property situated in the County

19               of  San  Diego,  State  of  California,  described  as

20               follows:  960  Turquoise  St.,  San  Diego,  CA  92122,

21               APN 415-172-16-00, Lots 85 and 86 in Block 6 of First

22               Addition of Pacific Beach Vista Tract, in the City of

23               San Diego, County of San Diego, State of California,

24               according to Map thereof No. 930, filed in the Office

25               of  the  County  Recorder  of  San  Diego  County,

26               November 7, 1904.

27   //

28   //

85.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants -

      (a)   cannot be located upon the exercise of due diligence;

      (b)   has been transferred or sold to, or deposited with, a third party;

      (c)   has been placed beyond the jurisdiction of the Court;

      (d)   has been substantially diminished in value; or

      (e)   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the said property listed above as being subject to forfeiture.

All in violation of Title 18, United States Code, Section 982(a)(6) and Title 8, United States Code, Section 1324.

    DATED: April 15, 2010.

A TRUE BILL:

_____
Foreperson

KAREN P. HEWITT
United States Attorney

By: _____
REBECCA S. KANTER
Assistant U.S. Attorney

21