AO 245B (CASD) (Rev. 12/11) Judgment in a Criminal Case
Sheet 1

FILED
DEC 2 7 2011
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| THE FRENCH GOURMET, INC. | Case Number: 10CR1417-W |
|  | Eugene G Iredale |
|  | Defendant's Attorney |

**REGISTRATION NO.**
☐

**THE DEFENDANT:**
☒ pleaded guilty to count(s) One of the Superseding Information

☐ was found guilty on count(s) _____
after a plea of not guilty.
Accordingly, the defendant is adjudged guilty of such count(s), which involve the following offense(s):

| Title & Section | Nature of Offense | Count Number(s) |
|---|---|---|
| 8 USC 1324(a)(3)(A)(iii) and 8 USC1324(b) and 18 USC 982(a)(6)&982(b) | Hiring Illegal Aliens and Criminal Forfeiture | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☒ Count(s) remaining in the Indictment _____ is ☐ are ☒ dismissed on the motion of the United States.

☒ Assessment: $400.00

☒ $109,200 Fine    ☒ Forfeiture pursuant to order filed __12/27/11__ , included herein.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

DECEMBER 22, 2011
Date of Imposition of Sentence

HON. THOMAS J. WHELAN
UNITED STATES DISTRICT JUDGE

10CR1417-W

DEFENDANT: THE FRENCH GOURMET, INC.
CASE NUMBER: 10CR1417-W

## PROBATION

The defendant is hereby sentenced to probation for a term of:

FIVE (5) YEARS

The defendant shall not commit another federal, state, or local crime.

*For offenses committed on or after September 13, 1994:*

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter as determined by the court. Testing requirements will not exceed submission of more than __8__ drug tests per month during the term of supervision, unless otherwise ordered by court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

☒ The defendant shall cooperate in the collection of a DNA sample from the defendant, pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000, pursuant to 18 USC sections 3563(a)(7) and 3583(d).

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the special conditions imposed.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 9/00) Judgment in a Criminal Case
Sheet 3 — Continued 2 — Supervised Release

Judgment—Page 3 of 6

DEFENDANT: THE FRENCH GOURMET, INC. (1)
CASE NUMBER: 10CR1417-W

## SPECIAL CONDITIONS OF SUPERVISION

1. Agree not to knowingly, hire, recruit, or employ aliens who are without legal authorization to work within the United States.3
2. Participate in the Department of Homeland Security E-Verify Employment verification Program and Social Security Administration's Social Security Number Verification System.
3. Comply with all the requirement of E-Verify.
4. Advise job applicants of its participation in the E-Verify Program and request that applicants not apply if they are without legal authorization to work in the United States.
5. If translator is needed, ensure that Section 1 of the Form I-9 is completed by the translator.
6. Require certification/attestation on I-9 forms only by the manager or authorized individual who actually interviewed, hired and reviewed the employment documents belonging to the prospective employee.
7. Amend defendant's job application to require applicants to state whether they have previously worked for the company, remind them of defendant's participation in the E-Verify and SSNVS programs and provide such information in both English and Spanish.
8. Checking the names of all new hires against any "No Hire" lists provided and to be issued by ICE and check all SSNs on any "No Match" letter provided by SSA against any identification used by any employee.
9. Holding Form I-9 compliance workshops for all of defendant's employees who take part in the new hire process.
10. If using staffing companies to hire employees for any purpose, including catering events, using only staffing companies for which the defendant has recieved written verification of their participation in E-Verify.
11. Resolve any anomalies between SSNs and names within 90 days of notice by SSA.
12. Institute and maintain an anonymous internal "tip-line" for employees to internally report suspect immigration violations, and establish a self reporting procedure for the reporting of any violations or discovered deficiencies to ICE.
13. Arrange for annual I-9 audits by an external auditing firm or a trained employee not otherwise involved in the I-9 process.

DEFENDANT: THE FRENCH GOURMET, INC.
CASE NUMBER: 10CR1417-W

## SPECIAL CONDITIONS OF SUPERVISION

14. Submit an annual report to ICE to track results and assess the effect of the compliance measures, which should include: (1) identification of individuals removed from employment for immigration reasons;(b) instances and resolution of all SSA no-match letters;(c)major organizational changes; and(d) identificatin of any vulnerabilities that are found to be exploited by employees and unauthorized aliens.
15. Maintain all I-9 records and hiring forms for all existing, past and future employees at least (10)years.
16. Maintain copies of any documents accepted as proof of identity and/or employment authorization for all new hires.
17. Establish and maintain appropriate policies, practices and safeguards to ensure that authorized workers are not terated differently with respect to hiring, firing, or recruitment or referral for a fee, or during the FORM I-9, E-Verify, or SSNVS process because of citizenship status or national origin.
18. Train all managers and personnel responsible for hiring regarding their legal obligations to prevent the knowing hiring, recruitment and continued employment of unauthorized aliens.
19. Secure and satisfy payment of the court-ordered forfeiture, restitution, fine and special assessment.
20. Cooperate full with ICE's administrative I-9 inspection, including complying with any notice of suspected documents issued as part of the administrative review process, and consenting to any unannounced I-9 audit at any time within business hours during the probationary period.
21. Establish written hiring and employment eligibility verification policy.
22. Provide complete disclosure of personal and business financial records to the probation officer as requested.
23. Subject corporate records and premises to search by the probation officer.
24. Have an effective program to prevent and detect violations of law

DEFENDANT: THE FRENCH GOURMET, INC.
CASE NUMBER: 10CR1417-W

# RESTITUTION

The defendant shall pay restitution in the amount of ___$10,000.00___ unto the United States of America.

This sum shall be paid ___ immediately.
                       _x_ as follows:

Pay restitution in the amount of $10,000.00 through the Clerk, U. S. District Court, to Antonio Diaz.

The Court has determined that the defendant  does  have the ability to pay interest. It is ordered that:

___ The interest requirement is waived.

___ The interest is modified as follows:

DEFENDANT: THE FRENCH GOURMET, INC.
CASE NUMBER: 10CR1417-W

# FINE

The defendant shall pay a fine in the amount of ___$109,200.00___ unto the United States of America.

This sum shall be paid ___ immediately.
                      _x_ as follows:

Pay fine in the amount of $109,200.00, jointly and severally with Michel Malecot, payable forthwith or during the term of probation.

The Court has determined that the defendant _does_ have the ability to pay interest. It is ordered that:

___ The interest requirement is waived.

___ The interest is modified as follows:

10CR1417-W